IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| TRAVIS SMITH, | : | |
| Plaintiff | : | |
| VS. | : | |
| Sheriff HAROLD BREEDEN, Sheriff JAMIL SABA, LEE CO. SHERIFF'S OFFICE, and JANE DOE Head Nurse, | : | NO. 1:08-CV-24 (WLS) |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **TRAVIS SMITH** has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

*I. STANDARD OF REVIEW*

*A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be

1

granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon v. King & Spalding***, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. BACKGROUND

Plaintiff alleges that he was under the defendants' care at the Lee County Jail ("LCJ") from approximately June 16, 2006 to August 1, 2006. Prior to plaintiff's confinement at the LCJ, plaintiff was tested for Tuberculosis. According to plaintiff, he showed a "reaction" to the Tuberculin skin test and was advised that he needed to take an unspecified type of TB medication. Plaintiff claims that upon entering the LCJ, during his initial observation/health screening, he advised the Jane Doe Head Nurse that he needed to be on the unspecified TB medication. Shortly thereafter, the nurse informed plaintiff that he would be started on the medication soon. According to plaintiff, despite his repeated requests to the nurse, he was denied the medication during the month and a half plaintiff was incarcerated at the LCJ. As a result of said denial, plaintiff alleges that he suffered fevers, dizziness, sleep deprivation, and a bad cough.

In addition to Jane Doe Head Nurse, plaintiff also names as defendants the Lee County Sheriff's Department, Lee County Sheriff Harold Breeden, and Dougherty County Sheriff Jamil Saba. Plaintiff sues Sheriff Breeden because he is "responsible for his staff/employee's actions or lack thereof" and seeks to hold Sheriff Saba liable because plaintiff was "being held at the [LCJ] for the Dougherty County Sheriff's Office."[1]

Plaintiff files this compensatory and punitive damages against each of the defendants.

## III. DISCUSSION

### A. *Lee County Sheriff's Department*

The LeeCounty Sheriff's Department is a non-suable entity. ***See e.g., Dean v. Barber***, 951 F.2d 1210, 1214 (11th Cir.1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"). Therefore, no action can be maintained against this defendant under section 1983 and **DISMISSAL** is appropriate prior to ordering service upon said defendant. **IT IS SO RECOMMENDED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### B. *Sheriff Harold Breeden*

Plaintiff seeks to sue Sheriff Harold Breeden in his "supervisory" capacity. A supervisor

---

[1] Plaintiff has pending a separate lawsuit against a defendant at the Dougherty County Jail ("DCJ"). ***See Smith v. LeBlanc***, 1:07-cv-124 (WLS) ("***Smith I***"). As detailed in ***Smith I***, plaintiff was facing charges for killing his girlfriend, an employee at the DCJ. Apparently, plaintiff was transferred to the LCJ because of the victim's status at the DCJ.

3

may not be held liable for the acts of his subordinates on the basis of *respondeat superior*. ***Monell v. Department of Social Services of New York***, 436 U.S. 658, 691 (1978). However, a supervisor may be held liable for failure to supervise. ***Fundiller v. City of Cooper City***, 777 F.2d 1436, 1443 (11th Cir.1985). In order to state a claim for failure to supervise, Plaintiff must establish that the failure to supervise was the moving force behind the deprivation of a constitutional right. ***City of Canton, Ohio v. Harris***, 489 U.S. 378, 385, 389 (1989). Liability for failure to supervise can be imposed only in limited circumstances. ***Gold v. City of Miami***, 151 F.3d 1346, 1350 (11th Cir.1998). It must be established that a supervisory official made a deliberate choice not to supervise or take action even though he knew of evidence of the need to supervise. ***Id***. Without knowledge of the need to supervise, liability cannot be imposed. ***Id.*** A claim for the failure to supervise requires a high standard of proof in order to avoid subjecting a supervisor to a claim based on *respondeat superior*. ***Id.*** at 1351, n.10.

Plaintiff merely conclusorily alleges that Sheriff Breeden failed to supervise. He alleges no specific acts or omissions which might support his failure to supervise claim, nor does he allege any circumstances putting this defendant on notice of a need to supervise. Accordingly, it is **RECOMMENDED** that plaintiff's claim against Sheriff Breeden be **DISMISSED** and that he be terminated as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

4

### C. Sheriff Jamil Saba

As noted above, even the Sheriff of Lee County, who is responsible for supervising LCJ personnel, is not liable in his supervisory capacity. Plaintiff's claim against Sheriff Saba for the alleged lack of medical treatment at the LCJ is, therefore, patently frivolous. Accordingly, it is **RECOMMENDED** that plaintiff's claim against Sheriff Saba be **DISMISSED** and that he be terminated as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### D. Jane Doe Head Nurse

Although it is by no means clear that plaintiff will prevail on the merits, at this juncture the Court cannot determine with certainty that plaintiff's case against the Jane Doe Head Nurse is frivolous. *See generally Hill v. Marshall*, 962 F.2d 1209, 1211, 1215 (6th Cir.1992) (holding that failure to provide prophylactic medication to prevent the possible future development of active tuberculosis is "actual injury," even though prisoner did not develop active tuberculosis). Plaintiff, however, provides no description of this Jane Doe other than that she is the Head Nurse. It is not clear whether plaintiff has adequately identified this party so that a specific person may be served with process and asked to answer plaintiff's complaint. Nevertheless, the Court will, by separate order, allow plaintiff's claim against Jane Doe Head Nurse to go forward.

**SO RECOMMENDED**, this 13th day of February, 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE